NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

EDUARDO ANTONIO
MENDANHA; PATRICIA KELLEN
SENA ALVES MENDANHA; CARLOS
EDUARDO ALVES MENDANHA,

      Petitioners,

v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 24-2607

Agency Nos.
A246-009-658
A246-009-657
A246-009-659

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025[**]
San Francisco, California

Before: N.R. SMITH and DE ALBA, Circuit Judges, and BENNETT, District
Judge.[***]

      Antonio Mendanha, native and citizen of Brazil, petitions for review of a

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

decision by the Board of Immigration Appeals ("BIA") affirming, without opinion, an immigration judge's ("IJ") order denying asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.[2]

1.     Substantial evidence supports the IJ's decision that Mendanha did not demonstrate that his treatment in Brazil amounted to past persecution. Mendanha's allegation of past persecution stems from the murder of Mendanha's nephew's girlfriend in 2018. Mendanha's nephew was charged with the crime, served four years pending trial and sentencing, and was released in 2022 pending appeal. After the nephew's release, the girlfriend's family attempted to kill the nephew and threatened to kill all the nephew's family. However, Mendanha admitted that no direct threats or attempts were made against him or his immediate family. Mendanha only testified that his mother told him that the people who attempted to kill the nephew had "sworn to kill [the nephew's] entire family."

Although under some circumstances, death threats can constitute past persecution, these unfulfilled threats are not sufficient to establish past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that

---

[1] Mendanha is Lead Petitioner. Mendanha's wife, Patricia Kellen Sena Alvez Mendanha, and their son, Carlos Eduardo Alvez Mendanha, are derivative beneficiaries of Mendanha's asylum application.

[2] Mendanha did not challenge the denial of relief under the Convention Against Torture before the BIA or in his opening appellate brief. Accordingly, this issue is forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

death threats can constitute persecution in "a small category of cases," when the "threats are repeated, specific and 'combined with confrontation or other mistreatment'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))); *see also Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (explaining that "[m]ere threats, without more, do not necessarily compel a finding of past persecution" (citation omitted) (alteration in original)).

2.     Substantial evidence supports the IJ's finding that Mendanha did not establish a well-founded fear of future persecution. Mendanha did not establish an objective fear of future persecution. Mendanha did not present any different information or evidence that he would be targeted if he returned to Brazil. Although threats insufficient to constitute past persecution can be "indicative of a danger of future persecution," *Lim*, 224 F.3d at 936, the record does not compel the conclusion that any of the girlfriend's family members (who previously threatened Mendanha's nephew's family) have a continued interest in him or his immediate family.

3.     Given that Mendanha has not met the standard for asylum, he cannot meet the "more stringent" standard for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Therefore, the IJ properly denied withholding of removal.

          **PETITION DENIED.**